IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

       Appellant,

  v.

JOSEPH GEORGE MEEKO, IV &
CARMEN F. MEEKO,

       Appellees.

Case No. 3:15-cv-01200-AA
OPINION AND ORDER

---

Emilie K. Edling
Houser & Allison, APC
9600 S.W. Oak Street, Suite 570
Portland, Oregon 97223
    Attorney for appellant
    Federal National Mortgage Association

Douglas R. Ricks
Vanden Bos & Chapman, LLP
319 S.W. Washington Street, Suite 520
Portland, Oregon 97204
    Attorney for appellees
    Joseph and Carmen Meeko

Britta E. Warren
Black Helterline, LLP
805 S.W. Broadway, Suite 1900
Portland, Oregon 97205
    Attorney for appellees
    Meritage Homeowners' Association

PAGE 1 - OPINION AND ORDER

AIKEN, Judge:

Federal National Mortgage Association ("Fannie Mae") appeals the bankruptcy court's denial of Fannie Mae's Motion to Set Aside the Order Confirming Plan for Joseph and Carmen Meeko's ("debtors") Chapter 13 bankruptcy plan. Fannie Mae also appeals the bankruptcy court's denial of Fannie Mae's Motion for Reconsideration. For the reasons set forth below, the bankruptcy court's orders denying both motions are affirmed and this case is dismissed.

## BACKGROUND

In April 2010, debtors took out a loan for $275,100 to purchase a residence in Newport, Oregon ("Property"). The Property is a unit within a planned community subject to a series of covenants and restrictions enforced by Meritage Homeowners' Association ("Meritage"). Pursuant to this transaction, debtors executed a promissory note ("Note") in favor of USAA Federal Savings Bank. Fannie Mae later bought the loan from USAA Federal Saving Bank. Ocwen Loan Servicing, LLC ("Ocwen") is Fannie Mae's loan servicer for the debtors' loan. Fannie Mae relies on Ocwen to handle "court appearances and the protection of assets involved in bankruptcy proceedings." Excerpt of Record ("ER") 23.

In 2011, debtors became delinquent on the homeowners' association ("HOA") fees and assessments due to Meritage. By late 2012, debtors also stopped making their required loan payments and the Note went into default. Meritage has issued several HOA invoices to the debtors, including an October 15, 2014 invoice for $173,562.41, most of which was assessed for failure to replace defective windows in the Property and resulting damage. Pursuant to Meritage's charter documents, the owner of the Property is responsible for the maintenance and repair of the Property's windows.

PAGE 2 - OPINION AND ORDER

The debtors filed a voluntary petition for Chapter 13 bankruptcy on September 25, 2014, proposing to vest the Property in Fannie Mae. The Bankruptcy Noticing Center served the proposed plan on Fannie Mae and Ocwen on September 28, 2014. The debtors filed an amended plan on October 21, 2014. The amended plan provided in relevant part that the Property "shall be vested in Fannie Mae, its successors, transferees, or assigns pursuant to 11 [U.S.C. §] 1322(b)(9)." ER 21. Fannie Mae and Ocwen were also served the amended plan. However, due to computer and human error at Ocwen, notice of the debtors' bankruptcy was not referred to Ocwen's bankruptcy counsel. Neither Ocwen nor Fannie Mae objected to the debtors' amended plan before confirmation.

The Bankruptcy Court for the District of Oregon confirmed the amended plan on November 17, 2014. The Bankruptcy Noticing Center served Fannie Mae and Ocwen with the plan confirmation order on November 19, 2014. Neither Ocwen nor Fannie Mae appealed the confirmation order.

On November 24, 2014, the debtors filed an adversary proceeding against Meritage, alleging Meritage had violated the Bankruptcy Code's automatic stay and effect of confirmation provisions by pursuing the HOA fees and assessments. In its Answer, Meritage included third-party claims against Fannie Mae. Meritage asserted that because Fannie Mae was the new owner of the Property, it was responsible for the Property's windows, including paying the overdue fees and assessments. Fannie Mae alleges it first learned of the unpaid HOA fees and assessments associated with the Property when it received Meritage's third-party complaint.

Fannie Mae filed the Motion to Set Aside the Order Confirming Plan on March 10, 2015. In the motion, Fannie Mae requested relief under Federal Rule of Civil Procedure 60(b) and 11 U.S.C. § 105(a). The bankruptcy court found relief was unavailable and denied the motion on April 15,

PAGE 3 - OPINION AND ORDER

2015. This decision rested on the bankruptcy court's determination that the Bankruptcy Code permits Rule 60(b) relief only where there has been fraud or lack of due process.

On April 22, 2015, this Court issued a decision concerning a vesting provision nearly identical to that in the debtors' amended plan for a property in the same planned community. *See Bank of N.Y. Mellon v. Watt*, 2015 WL 1879680, *1-2 (D. Or. Apr. 22, 2015). In *Watt*, this Court held that a Chapter 13 plan provision vesting property in a creditor is not confirmable under 11 U.S.C. § 1325 unless the creditor consents to the vesting provision. *Id.* at *5-7. In response to *Watt*, Fannie Mae filed the Motion for Reconsideration on May 12, 2015. The bankruptcy court denied the motion.

Fannie Mae now appeals the bankruptcy court's orders denying the Motion to Set Aside the Order Confirming Plan and denying the Motion for Reconsideration.

## STANDARD OF REVIEW

On appeal from the bankruptcy court, the district court reviews findings of fact for clear error and reviews conclusions of law de novo. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986). The district court reviews denials of motions for reconsideration for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

## DISCUSSION

Fannie Mae argues the bankruptcy court erred when it concluded relief under Rule 60(b) is only available upon a finding of fraud or due process violation. Instead, Fannie Mae urges this Court to find the bankruptcy court was authorized to grant relief upon a showing of any of the Rule 60(b) bases for relief from judgment. In the alternative, Fannie Mae argues that even if the grounds for relief under Rule 60(b) are limited in this context, "substantial due process concerns justify setting

PAGE 4 - OPINION AND ORDER

aside the order." Fannie Mae's Opening Br. 28. Further, Fannie Mae alleges the confirmation "will create a serious and unexpected hardship to Fannie Mae," and contends this Court should redress that unjust hardship "pursuant to the discretionary authority provided by [11 U.S.C.] § 105(a)." Fannie Mae's Opening Br. 47-48. Finally, Fannie Mae avers the bankruptcy court erred when it denied Fannie Mae's Motion for Reconsideration because the intervening change in law produced by *Watt* "changed the balance of the factors the Court considers." Fannie Mae's Opening Br. 49.

I.   *Relief Under Rule 60(b)*

Fannie Mae argues the confirmation order should be vacated under Rule 60(b) due to excusable neglect, newly discovered evidence, void judgment, and extraordinary circumstances. Fannie Mae also asserts confirmation of the vesting provision violated its due process rights. The bankruptcy court held that "an order confirming a Chapter 13 plan can only be revoked upon a finding of fraud or lack of due process" and denied Fannie Mae's request for relief under Rule 60(b). ER 109. The bankruptcy court also considered Fannie Mae's Rule 60(b) arguments on the merits, finding all the reasons Fannie Mae asserted for vacating the order unpersuasive.

Rule 60(b) authorizes a court to grant relief from a final judgment or order for several reasons. Rule 60 "applies in cases under the [Bankruptcy] Code except that . . . a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330." Fed. R. Bankr. P. 9024. Section 1330, the relevant section for a Chapter 13 confirmation order, provides, "[o]n request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." 11 U.S.C. § 1330(a).

"Ordinary English usage tells us that [s]ection 1330(a) is subject to only two interpretations

PAGE 5 - OPINION AND ORDER

if we are to avoid rendering meaningless the qualification 'if such order was procured by fraud.'" *In re Fesq*, 153 F.3d 113, 115 (3d Cir. 1998). First, section 1330 can be read as a temporal and substantive limitation, limiting relief to motions to revoke that are both submitted within 180 days and based upon fraud allegations. *Id.* Second, section 1330 can be read as only imposing a temporal limit on motions to revoke for fraud, "without speaking at all to the subject of other potential grounds for revocation." *Id.* The weight of authority adopts the first interpretation. For example, the Third Circuit held "that fraud is the only ground for relief available for revocation of a Chapter 13 confirmation order" after considering the "plain meaning [of section 1330(a)], logic, case law and the policies underlying the [Bankruptcy] Code." *Id.* at 120. The Bankruptcy Court for the Southern District of Alabama interpreted section 1330's substantive restriction less rigidly, yet still found the grounds for Rule 60(b) relief limited by Bankruptcy Rule 9024. *See In re Abrams*, 305 B.R. 920, 923 (Bankr. S.D. Ala. 2002) ("Although some courts never allow relief under Rule 9024, this Court concludes that a rigid rule is inappropriate in this case. When a due process concern has been raised, the Court will vacate the order.").

The Ninth Circuit has not directly addressed how Bankruptcy Rule 9024 and section 1330 affect Rule 60(b), but did consider a substantially related matter in *In re Cisneros*, 994 F.2d 1462 (9th Cir. 1993). In that case, the court addressed whether 11 U.S.C. § 1328(e) limited the bankruptcy court's authority to vacate a discharge order under Rule 60(b) when the order was improperly entered because of a mistake of fact.[1] *Id.* at 1464-65. The *Cisneros* court acknowledged that section 1328(e)

---

[1] Sections 1330 and 1328(e) serve similar functions: section 1330 limits the grounds for revoking a confirmation order and section 1328(e) limits the grounds for revoking a post-confirmation discharge. Section 1328(e) states in relevant part "the court may revoke such discharge only if– (1) such discharge was obtained by the debtor through fraud." 11 U.S.C. § 1328(e).

PAGE 6 - OPINION AND ORDER

limited the grounds for revoking a discharge, but found "no reason to believe that Congress intended section 1328(e) to prevent the bankruptcy court from correcting its own mistakes." *Id.* at 1465-66. Consequently, the court held that "[a] Chapter 13 debtor's right to have his discharge revoked only for fraud . . . is in no way infringed when a court vacates an order of discharge entered by mistake" and affirmed the bankruptcy court's order vacating the discharge. *Id.* at 1466. The Ninth Circuit subsequently cited the *Cisneros* decision to stand for a bankruptcy court's "authority to correct its own mistakes of fact by discharging a prior order." *In re Wiersma*, 483 F.3d 933, 939 (9th Cir. 2007).

Fannie Mae argues *Cisneros* requires this Court to interpret section 1330 as a narrow temporal limitation and hold the full range of Rule 60(b) relief remains available under Bankruptcy Rule 9024. Both the Bankruptcy Court for the District of Oregon and the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"), however, read *Cisneros* and section 1330 quite differently. *See In re Valenti*, 310 B.R. 138, 147 (B.A.P. 9th Cir. 2004); *In re Robinson*, 293 B.R. 59, 65 (Bankr. D. Or. 2002). The Bankruptcy Court for the District of Oregon held that "§ 1330(a) must be construed as Congress' acknowledgment that confirmation orders are indeed different than other orders." *Robinson*, 293 B.R. at 65 (footnote omitted). Any other outcome would harm the confirmation order's finality. *Id.*

The BAP agreed with the *Robinson* decision. *See Valenti*, 310 B.R. at 147. Citing *Robinson*, the BAP found "*Cisneros* is properly read as 'a reaffirmation of a court's inherent power to correct its own clerical errors' rather than a sweeping mandate to act beyond the authority of a statutory provision that is tailored to the relief sought." *Id.* (quoting *In re Ford*, 159 B.R. 590, 593 (Bankr. D. Or. 1993)). However, the BAP also recognized that Rule 60(b) may still remain an available source

PAGE 7 - OPINION AND ORDER

of relief for cases involving due process violations. *Id.*

This Court is persuaded by the reasoning of *Robinson* and *Valenti* and concludes section 1330 restricts the grounds for relief under Rule 60(b). Interpreting section 1330 as a substantive limitation on Rule 60(b) gives effect to the whole text of section 1330 and avoids rendering "if such order was procured by fraud" meaningless. *See Beisler v. Comm'r*, 814 F.2d 1304, 1307 (9th Cir. 1987) (The court "should avoid an interpretation of a statute that renders any part of it superfluous and does not give effect to all of the words used by Congress."). This interpretation also serves policy interests favoring the finality of bankruptcy orders. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010). Therefore, relief from a confirmed plan is only available in cases of fraud, court mistake of fact or clerical error, or due process violation. Because Fannie Mae did not allege a specific court mistake of fact or clerical error[2] and did not allege facts sufficient to constitute fraud,[3] Fannie Mae may obtain relief under Rule 60(b) only if it can show the confirmation order violated its due process rights.

Bankruptcy proceedings involve both statutory and constitutional due process rights.

---

[2] Although Fannie Mae alludes to mistakes of fact in its opening brief, it fails to identify any specific mistake similar to the mistake in *Cisneros*. Instead, Fannie Mae generally alleges the bankruptcy court failed to appreciate the fairness, due process, and legal concerns raised by the confirmation order. These generalized allegations, even if true, are not the type of factual or clerical errors the *Cisneros* court held bankruptcy courts retain the power to correct.

[3] In its reply brief, Fannie Mae argues the vesting provision was "in bad faith to such a degree that it can justly be called fraudulent" because it "shift[ed] responsibility for [the debtors'] past fees and assessments onto Fannie Mae." Fannie Mae's Reply Br. 21 n.9. Even if bad faith alone were sufficient to constitute fraud, the debtors' mere inclusion of the vesting provision in their plan was not bad faith. At the time the debtors filed their amended plan, the vesting provision was recognized as an acceptable plan provision. *See In re Watt*, 520 B.R. 834, 839-40 (Bankr. D. Or. 2014), *vacated sub nom. Bank of N.Y. Mellon v. Watt*, 2015 WL 1879680 (D. Or. Apr. 22, 2015).

PAGE 8 - OPINION AND ORDER

Statutory due process rights arise from the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Constitutional due process rights arise from the Fifth Amendment of the United States Constitution. Fannie Mae contends its due process rights were violated when the vesting provision was confirmed without an adversary proceeding and without serving Fannie Mae with a summons and complaint, as required by Federal Rules of Bankruptcy Procedure Part VII.

Relief under Rule 60(b) is available when a creditor is denied constitutional due process; however, violation of a "right granted by a procedural rule," without more, does not rise to the level of a constitutional violation. *Espinosa*, 559 U.S. at 272. Even though a bankruptcy court legally errs if it confirms a plan without satisfying statutory due process requirements, the confirmation order may still be enforceable and binding against the creditor. *Id.* at 275. If a creditor's statutory due process rights are violated, but the creditor fails to object in the bankruptcy court, the creditor "forfeit[s] its arguments regarding the validity of service or the adequacy of . . . procedures." *Id.*

Constitutional due process requires the creditor receive notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). When a creditor receives actual notice of the debtor's bankruptcy filing and the contents of the debtor's plan, that notice "more than satisfie[s] [the creditor's constitutional] due process rights." *Espinosa*, 559 U.S. at 272. As the Ninth Circuit stated,

> [A]ll that is constitutionally required for adequate notice is information sufficient to alert a creditor that its rights *may* be affected. . . . It is neither the court's nor the debtor's responsibility to ensure that a creditor fully understands and appreciates the consequences of the bankruptcy proceeding. Rather, it is [the creditor's] responsibility, once apprised of the bankruptcy proceeding, to investigate the potential consequences . . . .

PAGE 9 - OPINION AND ORDER

*In re Blendheim*, 803 F.3d 477, 498 (9th Cir. 2015) (citation omitted). "Rule 60(b)[] does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275.

Regardless of whether Fannie Mae had a statutory due process right to an adversary proceeding and service with a summons and complaint, Fannie Mae is not due relief under Rule 60(b). Fannie Mae concedes it received actual notice of the bankruptcy filing and of the debtors' original and amended plans. Once Fannie Mae received notice of the plans, it could have objected to the alleged statutory due process violation. Instead, Fannie Mae neither objected to nor appealed the sufficiency of notice or the confirmation. The fact that Fannie Mae's failure to object stemmed from human and computer error in Fannie Mae's own systems does not render the notice constitutionally inadequate. When Fannie Mae failed to object after receiving actual notice of the bankruptcy filing and plans, it forfeited its due process arguments. Therefore, Fannie Mae is not due relief under Rule 60(b) for violation of its due process rights.

II.     *Relief Under 11 U.S.C. § 105(a)*

Fannie Mae also asks this Court to vacate the confirmation order using the Court's equitable powers under 11 U.S.C. § 105(a). The bankruptcy court declined to grant relief because "[s]ection 105 is not an independent basis for relief that contradicts specific provisions of the [B]ankruptcy [C]ode." ER 113.

Section 105(a) authorizes a court to sua sponte "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105(a) provides bankruptcy courts "broad powers . . . to vacate a confirmation order," *In re Lowenschuss*, 170 F.3d 923, 932 (9th Cir. 1999), but those powers are not unlimited. "While '[a]s a court of equity, [the bankruptcy court] may look through form to the substance of a

PAGE 10 - OPINION AND ORDER

transaction and devise new remedies,' the court cannot, in the name of its equitable powers, ignore specific statutory mandates." *In re Geothermal Res. Int'l, Inc.*, 93 F.3d 648, 651 (9th Cir. 1996) (alterations in original) (citation omitted) (quoting *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986)). Thus, "section 105 does not authorize relief inconsistent with more specific law." *In re Am. Hardwoods, Inc.*, 885 F.2d 621, 625 (9th Cir. 1989).

This Court cannot vacate the confirmation order using its equitable powers under section 105(a) because that relief would be inconsistent with a more specific statute, 11 U.S.C. § 1330. As discussed above, section 1330 substantively limits the grounds for vacating a confirmation order under Rule 60(b). Therefore, a confirmation can only be vacated when there is fraud, court mistake of fact or clerical error, or due process violation. As discussed above, Fannie Mae has failed to establish any of these circumstances existed. Because granting relief under section 105(a) would conflict with the more specific statutory mandate of section 1330, this Court cannot grant equitable relief pursuant to section 105(a).

III.  *Denial of Motion for Reconsideration*

Finally, Fannie Mae asks this Court to hold that the bankruptcy court erred when it denied Fannie Mae's Motion for Reconsideration. Fannie Mae urges this Court to find the intervening case *Bank of New York Mellon v. Watt* "changed the balance of the factors the Court considers in determining whether to set aside a case" and, therefore, "[t]he [b]ankruptcy [c]ourt erred in failing to reconsider her ruling and set aside the confirmation order." Fannie Mae's Opening Br. 49.

The bankruptcy court did not abuse its discretion when it denied Fannie Mae's Motion for Reconsideration. While reconsideration is appropriate when "there is an intervening change in controlling law," *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263, *Watt* is not controlling

PAGE 11 - OPINION AND ORDER

law with regard to Fannie Mae's requests for relief under Rule 60(b) and section 105(a).[4] When Fannie Mae failed to object to or appeal the confirmation order, it forfeited its arguments; the confirmation order remains enforceable and binding. *See Espinosa*, 559 U.S. at 275; *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999).

## CONCLUSION

For the reasons set forth above, the bankruptcy court's orders denying the Motion to Set Aside the Order Confirming Plan and denying the Motion for Reconsideration are AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 17th day of March 2016.

_____
Ann Aiken
United States District Judge

---

[4] This case is distinguishable from *Watt* because the creditors in *Watt* filed a timely objection to and appealed confirmation of the plan. *Watt*, 2015 WL 1879680 at *2-3. In contrast, Fannie Mae neither filed an objection to nor appealed the confirmation despite receiving notice of the debtors' plan and the confirmation order. By failing to object, Fannie Mae implicitly accepted the plan. *See In re Andrews,* 49 F.3d 1404, 1409 (9th Cir. 1995) ("In most instances, failure to object translates into acceptance of the plan by the secured creditor.").